IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RICHARD A. ARRIETA, ET AL. | § | |
|---|---|---|
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1722-BD |
| LOCAL 745 OF THE INTERNATIONAL | § | |
| BROTHERHOOD OF TEAMSTERS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiffs have filed a Rule 59(e) motion to alter or amend the January 26, 2011 judgment dismissing this case on summary judgment. To prevail on their motion, plaintiffs must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Murphy v. Adelphia Recovery Trust*, No. 3-09-MC-105-B, 2009 WL 4639689 at *1 (N.D. Tex. Dec. 8, 2009) (citing cases). A Rule 59(e) motion cannot be used to "raise arguments [that] could, and should, have been made before the judgment issued." *Id.*, quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007). In the Fifth Circuit, such a motion is considered an "extraordinary remedy that should be used sparingly." *Id.*, quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 125 S.Ct. 411 (2004).

Plaintiffs ask the court to set aside the final judgment in favor of The International Brotherhood of Teamsters ("IBT") and its Dallas-area affiliate, Local 745 of the International Brotherhood of Teamsters ("Local 745"), collectively referred to as "the Union," because:

- Local 745 did not sufficiently raise the issue of whether there is evidence that the Union itself instigated or actively supported the alleged discriminatory acts;

- there is evidence to show that the Union refused to file a grievance alleging race discrimination on behalf of Richard Arrieta;

- IBT may not have been justified in relying on the investigation conducted by Ruben Armendariz; and

- plaintiffs never tacitly conceded their inability to establish section 1981 liability under a conventional legal theory.

With respect to plaintiffs' first argument, the court notes that Local 745 specifically moved for summary judgment on the ground that "Plaintiffs cannot prove intentional discrimination based on race, national origin or retaliation on any theory." (*See* Local 745 MSJ Br. at 13). In its summary judgment brief, Local 745 argued that plaintiffs failed to allege a prima facie case of intentional discrimination because, *inter alia*, there was no evidence that the Union "knew of the discrimination and actively instigated or contributed to it." (*See* Local 745 MSJ Br. at 15-16). That argument sufficiently raised the issue of whether there was evidence that the Union itself instigated or actively supported the alleged discriminatory acts.

Plaintiffs rely on excerpts from the depositions of Richard Arrieta and Brent Taylor, a Local 745 official, to show that the Union refused to file a grievance alleging race discrimination on behalf of Arrieta. (*See* Plf. Mot. App. at 16-28, 212). However, these deposition excerpts are not part of the summary judgment record. Plaintiffs' explanation for failing to present this evidence earlier -- that Local 745 did not "call out evidence on discrimination grievances, but only on hostile work environment grievances" -- is unavailing. Throughout this case, plaintiffs have maintained that their employer created a hostile work environment *because* of race discrimination. Local 745 even argued on summary judgment that plaintiffs never notified the Union of their concerns or sought help "in

remedying their alleged *hostile work environment with respect to race, national origin or retaliation claims*." (Local 745 MSJ Br. at 16) (emphasis added). Plaintiffs had an opportunity to present this evidence at the summary judgment stage, but failed to do so.

Similarly, plaintiffs rely on "new evidence" to show that IBT may not have been justified in replying on the investigation conducted by Ruben Armendariz. This evidence -- the trial testimony of John Deery in *Arrieta v. Yellow Transportation, Inc.*, No. 3-05-CV-2271-D -- is neither "new" nor probative of the results of the Armendariz investigation.

Finally, plaintiffs contend that they did not tacitly concede an inability to prove section 1981 liability under a conventional legal theory by arguing that the Union was responsible for passively supporting discrimination in the workplace. Even if the court mischaracterized this argument, plaintiffs have failed to articulate -- much less establish -- a genuine issue of material fact with respect to a conventional section 1981 claim.

For these reasons, plaintiffs' motion to alter or amend the judgment [Doc. #54] is denied.

SO ORDERED.

DATED: March 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE